1  Judy Danelle Snyder, OSB No. 732834
   E-mail: judy@jdsnyder.com
2  Melissa Hopkins, OSB No. 192226
   E-mail: melissa@jdsnyder.com
3  LAW OFFICES OF JUDY SNYDER
   4248 Galewood Street
4  Lake Oswego, Oregon 97035
   Telephone: (503) 228-5027
5  Facsimile: (971) 277-3894

6     Of Attorneys for Plaintiff

7

8

9

10              IN THE UNITED STATES DISTRICT COURT

11                  FOR THE DISTRICT OF OREGON

12                        MEDFORD DIVISION

13

14 CLIFFORD SCOTT FARWELL, by and through    Case No.
   James McCandlish, his Guardian Ad Litem,

15                     Plaintiff,            **COMPLAINT**

16     v.                                     Violations of 42 U.S.C. § 1983 - 14th
                                              Amendment Failure to Protect; Medical
17 CURRY COUNTY, an Oregon county; CURRY      Negligence; and Violation of Oregon
   HEALTH NETWORK, an Oregon health district; Vulnerable Persons Act (ORS 124.100)
18 WADE CURTIS FOX, D.O., and individual;
   MARIUS GABRIELIUS PAKALNISKIS, M.D., an
19 individual; RADIOLOGY ASSOCIATES, P.C., an  DEMAND FOR JURY TRIAL
   Oregon professional corporation;  JOHN WARD,
20 an individual; DANE J. HOOVER, an individual;
   PARKER W. WORKMAN, an individual;
21 RODRIGO ZEPEDA-RIOS, an individual;
   SHAWNEE A. WALLACE, an individual; JOHN
22 A. ENSLEY, an individual; RUSSELL H.
   BENSON, III, an individual; JEREMY L. KROHN,
23 an individual; RYAN L. BROSE, an individual;

24                    Defendants.

25

26

PAGE 1 - COMPLAINT

**INTRODUCTION**

1. On June 12, 2022, Clifford Scott Farwell, known to the local authorities as someone who suffered severe mental illness, was arrested by the Gold Beach Police on charges stemming from his refusal to get dressed and throwing a cup of coffee at a police officer. Mr. Farwell was booked into the Curry County Jail. In the early morning of July 10, 2022, while still in custody, Mr. Farwell was injured while in the shower facilities of the Curry County Jail. He sustained a "hangman's injury" to his neck and a large head wound on front of his head. That same day, Mr. Farwell received medical care at Curry General Hospital, where medical providers failed to diagnose him with a broken neck, instead returning him to Curry County Jail where he continued to suffer and deteriorate. On July 20, 2022, Mr. Farwell was admitted to Oregon State Hospital where the staff questioned Mr. Farwell's visible head wound and were told by the transferring deputy, "he fell from the toilet and hit his head on the wall. We did not get it on camera, but that is how it looked." Oregon State Hospital staff provided Mr. Farwell with necessary outside medical treatment. Mr. Farwell then received the correct diagnoses and was transferred to a Portland, Oregon trauma hospital for surgical repair of his life-threatening neck injuries.

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to all causes of action based on Oregon state statutory law because the state claims arise from the same nucleus of operative facts as the federal claims.

4. Venue is within the District of Oregon pursuant to 28 U.S.C. §1391(b) as the claim arose in this judicial district.

**PARTIES**

5. Plaintiff Clifford Scott Farwell ("Mr. Farwell") is a resident of the state of Oregon. At all time herein pertinent, Mr. Farwell was a pretrial detainee in the Curry County Jail.

PAGE 2 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
4248 GALEWOOD STREET
LAKE OSWEGO, OREGON 97035
(503) 228-5027
FAX (971) 277-3894

6. Curry County is an Oregon county. At all material times, Curry County ("defendant Curry County") owned and operated the Curry County Jail, whereby all pretrial detainees and persons convicted of crimes are held, and which is operated by the Curry County Sheriff.

7. At all material times, Curry County Health Network ("defendant Curry County Health") is and was an Oregon Health District which operates, maintains, and staffed the Curry General Hospital at 94220 4th Street, Gold Beach, Oregon. Curry County Health held itself out to the public as a provider of medical services, including radiology services, and these services were integral to Curry County Health's operations. Curry County Health maintained, operated, advertised, and held itself and its physicians, employees, staff, personnel, and agents out as competent to provide radiology services.

8. At all material times, Defendant Wade Curtis Fox, D.O. ("defendant Fox") was a medical doctor licensed to practice medicine in Oregon, and practicing in the specialty of emergency medicine. On information and belief, defendant Fox was an employee, agent or apparent agent of defendant Curry County Health, and was acting within the course and scope of his employment or agency or apparent agency, on behalf of defendant Curry County Health.

9. At all material times, Defendant Marius Gabrielius Pakalniskis, M.D. ("defendant Pakalniskis") was a medical doctor licensed to practice medicine in Oregon, and practicing in the specialty of radiology. On information and belief, defendant Pakalniskis was an employee, agent or apparent agent of defendant Curry County Health, and was acting within the course and scope of his employment or agency or apparent agency, on behalf of defendant Curry County Health.

10. At all material times, Radiology Associates, P.C. ("defendant Radiology Associates") is and was an Oregon professional corporation engaging in the business of providing radiology services. Defendant Radiology Associates provided to defendant Curry County Health radiologists who were licensed to practice medicine in Oregon, including defendant Pakalniskis. Defendant Pakalniskis acted within the course and scope of his employment or agency or apparent agency for defendant Virtual Corp while providing services to patients of defendant Curry County Health, including Mr. Farwell.

PAGE 3 - COMPLAINT

11.	At all material times, Defendant John Ward ("defendant Ward") was the Curry County Sheriff in command of the Curry County Jail. On information and belief, he is a citizen and resident of the State of Oregon.

12.	At all material times, Defendant Dane J. Hoover ("defendant Hoover") was an employee, agent, or apparent agent of the Curry County Sheriff and assigned to the Curry County Jail. On information and belief, he is a citizen and resident of the State of Oregon.

13.	At all material times, Defendant Parker W. Workman ("defendant Workman") was an employee, agent, or apparent agent of the Curry County Sheriff and assigned to the Curry County Jail. On information and belief, he is a citizen and resident of the State of Oregon.

14.	At all material times, Defendant Rodrigo Zepeda-Rios ("defendant Zepeda-Rios") was an employee, agent, or apparent agent of the Curry County Sheriff and assigned to the Curry County Jail. On information and belief, he is a citizen and resident of the State of Oregon.

15.	At all material times, Defendant Shawnee A. Wallace ("defendant Wallace") was an employee, agent, or apparent agent of the Curry County Sheriff and assigned to the Curry County Jail. On information and belief, she is a citizen and resident of the State of Oregon.

16.	At all material times, Defendant John A. Ensley ("defendant Ensley") was an employee, agent, or apparent agent of the Curry County Sheriff and assigned to the Curry County Jail. On information and belief, he is a citizen and resident of the State of Oregon.

17.	At all material times, Defendant Russell H. Benson, III ("defendant Benson") was an employee, agent, or apparent agent of the Curry County Sheriff and assigned to the Curry County Jail. On information and belief, he is a citizen and resident of the State of Oregon.

18.	At all material times, Defendant Jeremy L. Krohn ("defendant Krohn") was an employee, agent, or apparent agent of the Curry County Sheriff and assigned to the Curry County Jail. On information and belief, he is a citizen and resident of the State of Oregon.

19.	At all material times, Defendant Ryan L. Brose ("defendant Brose") was an employee, agent, or apparent agent of the Curry County Sheriff and assigned to the Curry County Jail. On

LAW OFFICES OF JUDY SNYDER
4248 GALEWOOD STREET
LAKE OSWEGO, OREGON 97035
(503) 228-5027
FAX (971) 277-3894

information and belief, he is a citizen and resident of the State of Oregon.

## GENERAL ALLEGATIONS

20. On June 12, 2022, Mr. Farwell was arrested by the Gold Beach Police Department and detained in the Curry County Jail on charges of Second Degree Criminal Mischief and Harassment related to an incident involving officers employed by the Gold Beach Police Department.

21. On information and belief, Mr. Farwell was known to suffer from mental illness and was nonverbal at the time of his arrest. While being detained at the Curry County Jail, Mr. Farwell was not provided with any mental health evaluation or treatment.

22. On information and belief, on July 10, 2022, Mr. Farwell was taken into a shower facility of the Curry County Jail by staff. At some point, either alone or assisted by Curry County Jail staff, Mr. Farwell received injuries to his head and neck. An unknown time after Mr. Farwell was injured, Curry County Jail staff called for medical assistance and Mr. Farwell was sent to Curry General Hospital for medical treatment, as he had a large bleeding head wound.

23. On July 10, 2022, at approximately 9:00 a.m., Mr. Farwell arrived the emergency department of Curry General Hospital. A CT scan without contrast was ordered for Mr. Farwell's head. The CT was read by defendant Pakalniskis as showing no evidence of any injuries to Mr. Farwell's neck or spine. Mr. Farwell was then examined by defendant Fox while Mr. Farwell remained in handcuffs and was unable to speak due to his untreated mental health conditions. Defendant Fox stapled Mr. Farwell's 11 centimeter forehead wound closed and did not seek any other diagnostic tests or diagnose Mr. Farwell with any other injuries.

24. Between July 10, 2022 and July 20, 2022, Mr. Farwell was held at the Curry County Jail. Mr. Farwell was unable to eat solid food, to feed himself, and to sit upright in a chair without assistance. Curry County jail staff placed him in physical restraints without any instruction by a medical professional. Other than his earlier visit to the Curry General Hospital, Mr. Farwell was not provided any additional medical assistance or health care treatment while held in the Curry County Jail. Mr.

Farwell was further not provided with any medical care when he began to lose a significant amount of weight from not being able to eat solid food.

25. On July 20, 2022, Mr. Farwell arrived at the Oregon State Hospital ("OSH"). The OSH staff were concerned upon seeing Mr. Farwell's large stapled head wound, as they were not alerted that he had been injured. In addition, Mr. Farwell was too weak to walk, requiring a wheelchair. On information and belief, defendant Benson told OSH staff that Mr. Farwell "he fell from the toilet and hit his head on the wall. We did not get it on camera, but that is how it looked."

26. Shortly after Mr. Farwell's admission to OSH, he began choking on a sandwich and urinated in his pants in his attempt to stop choking. OSH staff transferred Mr. Farwell to Salem Hospital for evaluation. He then was returned to OSH.

27. On July 21, 2022, Mr. Farwell was found by OSH staff to be unresponsive and not breathing. After performing CPR, medics arrived and transferred Mr. Farwell to Salem Hospital where he was admitted. Salem Hospital staff ordered a CT scan, which revealed a fracture of Mr. Farwell's C1 vertebra. He also was diagnosed with an injury to his left vertebral artery. Mr. Farwell was transferred to a Portland, Oregon trauma hospital where he received medical care and surgical repair of his spinal injury.

28. Mr. Farwell remains unable to walk or eat unassisted. At this time, his future medical needs remain uncertain.

29. On December 13, 2022, Mr. Farwell submitted a notice of tort claims pursuant to ORS 30.275.

30. Mr. Farwell's claims are timely pursuant to ORS 12.118.

//
//
//
//

PAGE 6 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
4248 GALEWOOD STREET
LAKE OSWEGO, OREGON 97035
(503) 228-5027
FAX (971) 277-3894

**FIRST CLAIM FOR RELIEF**

**Violation of 42 U.S.C. 1983 - 14th Amendment Failure to Protect**

**(Against Defendants John Ward, Dane J. Hoover, Parker W. Workman, Rodrigo Zepeda-Rios, Shawnee A. Wallace, John A. Ensley, Russell H. Benson, III, Jeremy L. Krohn, and Ryan L. Brose in their Individual Capacities)**

31. Plaintiff realleges and incorporates paragraphs 1 through 30 above.

32. Under settled United States Supreme Court authority, and in accordance with the Fourteenth Amendment, Mr. Farwell was entitled to be free from known substantial risks of harm while in the custody of the Curry County Jail.

33. In violation of the Fourteenth Amendment, Defendants John Ward, Dane J. Hoover, Parker W. Workman, Rodrigo Zepeda-Rios, Shawnee A. Wallace, John A. Ensley, Russell H. Benson, III, Jeremy L. Krohn, and Ryan L. Brose (collectively hereafter "the Individual Jail Defendants"), knew and consciously disregarded a substantial risk of serious harm that Mr. Farwell would fall and injure himself while left alone in the shower due to his pre-existing, and untreated, mental health conditions.

34. In the alternative, the Individual Jail Defendants knew of Mr. Farwell's untreated mental health conditions and the Individual Defendants physically injured Mr. Farwell while he was in the custody of the Curry County Jail.

35. The Individual Jail Defendants' above-described actions and omissions were undertaken with deliberate indifference to Mr. Farwell's constitutional rights, based on the knowledge set forth above.

36. The Individual Jail Defendants' actions and omissions were the direct and proximate cause of the violations of Mr. Farwell's constitutional rights and injuries he suffered, including an 11 centimeter head laceration, fracture to his C1 vertebra, and injury to his left vertebral artery.

37. As a result the Individual Jail Defendants' conduct, Mr. Farwell incurred medical, hospital, surgical, prescription drug, medical equipment and other health care expenses, will incur additional expenses for future medical and health care services, and has been permanently disabled, sustaining economic damages in the amount to be determined at trial.

PAGE 7 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
4248 GALEWOOD STREET
LAKE OSWEGO, OREGON 97035
(503) 228-5027
FAX (971) 277-3894

38. As a result of the Individual Jail Defendants' conduct, Mr. Farwell experienced and continues to experience loss of enjoyment and quality of life, pain, suffering, emotional distress, all resulting in permanent disability, including a occipital cervical fusion from motor C4, loss of use of motor function to his upper and lower extremities requiring use of wheelchair for mobility, and permanent use of feeding tube all resulting in non-economic damages in the sum of $3,000,000.00.

39. As a further result of the Individual Defendants' conduct, Mr. Farwell seeks an award of his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## SECOND CLAIM FOR RELIEF

### Medical Negligence

**(Against Defendants Curry County Health Network, Marius Gabrielius Pakalniskis, M.D., Radiology Associates, P.C., and Wade Curtis Fox, D.O.)**

40. Plaintiff realleges and incorporates paragraphs 1 through 30 above.

41. Defendants Curry County Health Network, Marius Gabrielius Pakalniskis, M.D., Radiology Associates, P.C. and Wade Curtis Fox, D.O. owed a duty of care to Mr. Farwell.

42. Defendants Marius Gabrielius Pakalniskis, M.D., and Radiology Associates, P.C. were negligent in one or more of the following respects:

  (A) In failing to accurately read the July 10, 2022 CT scan of Mr Farwell's head and neck;

  (B) In failing to report to the emergency department that the July 10, 2022 CT scan of Mr Farwell's head and neck revealed fracture to his C1 vertebra and injury to his left vertebral artery; and,

  (C) In failing to request that defendant Curry County Health Network and/or defendant Wade Curtis Fox, D.O. obtain additional imaging of Mr. Farwell's neck and spine since Mr. Farwell was nonverbal, and unable to provide any history or current explanation of pain prior to discharge.

43. Defendants Curry County Health Network and Wade Curtis Fox, D.O. were negligent

PAGE 8 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
4248 GALEWOOD STREET
LAKE OSWEGO, OREGON 97035
(503) 228-5027
FAX (971) 277-3894

in one or more of the following respects:

    (A)    In failing to determine based on his physical examination that Mr. Farwell demonstrated clinical signs of a C1 vertebra fracture and injury to his left vertebral artery;

    (B)    In failing to obtain an accurate reading of the July 10, 2022 CT scan of Mr Farwell's head and neck, resulting in the failure to identify Mr. Farwell's C1 vertebra fracture and injury to his left vertebral artery;

    (C)    In failing to obtain additional imaging of Mr. Farwell's neck and spine since Mr. Farwell was nonverbal, and unable to provide any history or current explanation of pain prior to discharge; and,

    (D)    In failing to admit Mr. Farwell for an inpatient evaluation and care on July 10, 2022.

44. Curry County Health Network is vicariously liable for the negligence of its employees or agents or apparent agents, including Marius Gabrielius Pakalniskis, M.D., Radiology Associates, P.C. and Wade Curtis Fox, D.O. As a result of the negligence of Marius Gabrielius Pakalniskis, M.D., Radiology Associates, P.C. and Wade Curtis Fox, D.O., Mr. Farwell was denied admission to Curry General Hospital on July 10, 2022, and denied immediate medical intervention, including a physical examination, additional imaging, and transfer to a suitable trauma hospital capable of performing necessary surgical repair to avoid permanent injury.

45. As a result of the negligence of Curry County Network, Marius Gabrielius Pakalniskis, M.D., Radiology Associates, P.C. and Wade Curtis Fox, D.O., Mr. Farwell incurred medical, hospital, surgical, prescription drug, medical equipment and other health care expenses, will incur additional expenses for future medical and health care services, and has been permanently disabled, sustaining economic damages in the amount to be determined at trial.

46. As a result of the negligence of Curry County Health Network, Marius Gabrielius Pakalniskis, M.D., Radiology Associates, P.C. and Wade Curtis Fox, D.O., Mr. Farwell nearly died, had

LAW OFFICES OF JUDY SNYDER
4248 GALEWOOD STREET
LAKE OSWEGO, OREGON 97035
(503) 228-5027
FAX (971) 277-3894

a prolonged hospitalization, including a occipital cervical fusion of C4, and has suffered and will continue to suffer from injuries to his neck, including loss of use of motor function to his upper and lower extremities requiring use of wheelchair for mobility, and permanent use of feeding tube. Mr. Farwell experienced and continues to experience loss of enjoyment and quality of life, pain, suffering, emotional distress, all resulting in permanent disability and non-economic damages in the sum of $3,000,000.00.

### THIRD CLAIM FOR RELIEF

### Violation of Oregon Vulnerable Persons Act (ORS 124.100)

**(Against Defendants Curry County, John Ward, Dane J. Hoover, Parker W. Workman, Rodrigo Zepeda-Rios, Shawnee A. Wallace, John A. Ensley, Russell H. Benson, III, Jeremy L. Krohn, and Ryan L. Brose in their Individual Capacities)**

47.  Plaintiff realleges and incorporates paragraphs 1 through 30 above.

48.  Mr. Farwell was and is a vulnerable person as defined in ORS 124.100.

49.  Defendant Curry County, acting by and through their employees and agents, and defendants John Ward, Dane J. Hoover, Parker W. Workman, Rodrigo Zepeda-Rios, Shawnee A. Wallace, John A. Ensley, Russell H. Benson, III, Jeremy L. Krohn, and Ryan L. Brose (collectively hereafter "the Individual Jail Defendants") knowingly acted or failed to act in one or more of the following ways:

(A) Directing Mr. Farwell to shower alone knowing he was incapacitated and thus recklessly endangering him, and placing him in a situation where he seriously injured himself;

(B) In the alternative, physically assaulting Mr. Farwell and seriously injuring him;

(C) Placing Mr. Farwell repeatedly in a restraint chair without any medical direction to do so;

(D) Failing to obtain medical care for Mr. Farwell when he could not eat solid foods;

(E) Failing to obtain medical care for Mr. Farwell when he began to lose a significant

PAGE 10 - COMPLAINT

LAW OFFICES OF JUDY SNYDER
4248 GALEWOOD STREET
LAKE OSWEGO, OREGON 97035
(503) 228-5027
FAX (971) 277-3894

        amount of weight;

    (F)    Failing to obtain medical care for Mr. Farwell when he could no longer walk or stand; and,

    (G)    Failing to disclose to Oregon State Hospital staff members the true nature of how Mr. Farwell was injured during his transfer to the Oregon State Hospital thus delaying his receipt of proper medical care.

50.    As a result of the abuse perpetrated by defendant Curry County and the Individual Jail Defendants, Mr. Farwell incurred medical, hospital, surgical, prescription drug, medical equipment and other health care expenses, will incur additional expenses for future medical and health care services, and has been permanently disabled, sustaining economic damages in the amount to be determined at trial.

51.    As a result of the abuse perpetrated by defendant Curry County and the Individual Jail Defendants, Mr. Farwell experienced and continues to experience loss of enjoyment and quality of life, pain, suffering, emotional distress, all resulting in permanent disability, including a occipital cervical fusion from motor C4, loss of use of motor function to his upper and lower extremities requiring use of wheelchair for mobility, and permanent use of feeding tube all resulting in non-economic damages in the sum of $3,000,000.00.

52.    Pursuant to ORS 124.100(2)(a) and (b), Mr. Farwell is entitled to damages equal to three times his economic and non-economic damages resulting from physical abuse.

53.    Pursuant to ORS 124.100(2)(c), Mr. Farwell is entitled to an award of his reasonable attorney fees.

54.    Pursuant to ORS 124.100(2)(d), Mr. Farwell is entitled to an award of reasonable fees for the services of a conservator or guardian ad litem incurred by reason of the litigation of a claim brought under ORS 124.100.

//

LAW OFFICES OF JUDY SNYDER
4248 GALEWOOD STREET
LAKE OSWEGO, OREGON 97035
(503) 228-5027
FAX (971) 277-3894

**DEMAND FOR JURY TRIAL**

52. Plaintiff demands a jury trial.

WHEREFORE, plaintiff prays for a judgment against each defendant as follows:

1. $3,000,000.00 for non-economic damages;

2. An award of economic damages for his medical expenses incurred to date and to be incurred in the future in an amount to be determined;

3. Pursuant to ORS 124.100(2)(a) and (b), an award of damages equal to three times his economic and non-economic damages resulting from physical abuse;

4. Pursuant to ORS 124.100(2)(c) and 42 U.S.C. § 1988(b), an award of his reasonable attorney fees and costs;

5. Pursuant to ORS 124.100(2)(d), an award of reasonable fees for the services of a conservator or guardian ad litem incurred by reason of the litigation of the claim brought under ORS 124.100;

6. A declaration that defendants John Ward, Dane J. Hoover, Parker W. Workman, Rodrigo Zepeda-Rios, Shawnee A. Wallace, John A. Ensley, Russell H. Benson, III, Jeremy L. Krohn, and Ryan L. Brose violated his constitutional rights; and

7. All other further relief which is determined by the Court to be just, equitable and necessary.

DATED this 5th day of July, 2024.

LAW OFFICES OF JUDY SNYDER

s/ Melissa Hopkins
JUDY DANELLE SNYDER, OSB No. 732834
MELISSA HOPKINS, OSB No. 192226
Telephone: (503) 228–5027
Email: judy@jdsnyder.com
Email: melissa@jdsnyder.com
Of Attorneys for Plaintiff

Trial Attorney: Judy Danelle Snyder, OSB No. 732834

PAGE 12 - COMPLAINT

Judy Danelle Snyder, OSB No. 732834
E-mail: judy@jdsnyder.com
Melissa Hopkins, OSB No. 192226
E-mail: melissa@jdsnyder.com
LAW OFFICES OF JUDY SNYDER
4248 Galewood Street
Lake Oswego, Oregon 97035
Telephone: (503) 228-5027
Facsimile: (971) 277-3894

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CLIFFORD SCOTT FARWELL,

    Plaintiff,

 v.

CURRY COUNTY, an Oregon county; CITY OF GOLD BEACH, an Oregon city; CURRY HEALTH NETWORK, an Oregon health district; SALEM HEALTH HOSPITALS & CLINICS, an Oregon domestic nonprofit corporation, SALEM HEALTH, an Oregon domestic nonprofit corporation,

    Defendants.

Case No.

PETITION FOR APPOINTMENT OF GUARDIAN *AD LITEM* RE CLIFFORD SCOTT FARWELL

Pursuant to FRCP 17(c)(2), Petitioner, James E. McCandlish, presents to the Court as follows:

1.

Petitioner is a licensed attorney and practices law in Multnomah County, Oregon.

PAGE 1 - PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM RE CLIFFORD SCOTT FARWELL

2.

Clifford Scott Farwell is incapacitated. He was appointed a guardian for an indefinite period in Benton County, Oregon, case no. 23PR00281. Mr. Farwell's duly appointed guardian has declined to represent him in this lawsuit.

3.

Mr. Farwell has one or more meritorious causes of action against the Defendants for Civil Rights Violations, Medical Negligence, and Violation of Oregon Vulnerable Persons Act. Mr. Farwell requires the appointment of a guardian *ad litem* for purposes of pursuing his claims.

4.

Petitioner is competent and responsible to protect Mr. Farwell in this action.

5.

Attached as Exhibit 1 is the April 25, 2023, email from Janet Stevens, Mr. Farwell's duly guardian, declining to represent Mr. Farwell to pursue his claims, instead supporting the appointment of a guardian ad litem for the limited purpose to pursue Mr. Farwell's claims.

WHEREFORE, Petitioner requests that the Court appoint Mr. James E. McCandlish as guardian ad litem for Clifford Scott Farwell and for the limited purpose of pursing claims on his behalf.

DATED this 5th day of July, 2024.

LAW OFFICES OF JUDY SNYDER

 s/ Melissa Hopkins
JUDY DANELLE SNYDER, OSB No. 732834
MELISSA HOPKINS, OSB No. 192226
Telephone: (503) 228–5027
Facsimile: (971) 277-3894
Email: judy@jdsnyder.com
Email: melissa@jdsnyder.com
Of Attorneys for Plaintiff

Trial Attorney: Judy Danelle Snyder, OSB No. 732834

PAGE 2 - PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM RE CLIFFORD SCOTT FARWELL

LAW OFFICES OF JUDY SNYDER
4248 GALEWOOD STREET
LAKE OSWEGO, OREGON 97035
(503) 228-5027
FAX (971) 277-3894

**Melissa**

| | |
|---|---|
| **From:** | Stevens Janet * OPG <Janet.Stevens@rights.Oregon.Gov> |
| **Sent:** | Tuesday, April 25, 2023 1:06 PM |
| **To:** | Melissa |
| **Cc:** | ROSIN Chris * OPG; Bosma Sarah * OPG |
| **Subject:** | CSF litigation |
| | |
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

*Ms Hopkins,*

*Thank you for taking to time to talk with me regarding the claim your firm is bringing on behalf of Clifford Scott Farwell. The Oregon Public Guardian and Conservator has been appointed guardian for Mr. Farwell who has indicated that he wants to continue to pursue this action. OPGC supports his right to do so but does not wish to authorize action on Mr. Farwell's behalf in the litigation. If your firm feels that Mr. Farwell needs someone to make decisions on his behalf in this litigation, we will support the appointment of a guardian ad litem for that purpose.*

*Thank you for your concern for our mutual client. Please let me know if you have questions or concerns,*

*Respectfully,*

# Janet Stevens

Deputy Public Guardian
The Oregon Public Guardian & Conservator
PO Box 12689, Salem OR 97309
Cell: 503-779-7840  Fax: 971-600-9105
After-hour emergencies: (503) 378-6862

*Pronouns: She, Her, Hers*

IMPORTANT NOTICE: This communication may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this correspondence in error, please advise me immediately by replying, keep the contents confidential, and immediately delete the message and any attachments from your system.

1