Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308
Tel: (503) 581-1501
Fax: (503) 581-5891
        Of Attorneys for Defendant  Wade Curtis Fox, D.O.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| Lisa Key-Matthews, Personal Representative of the Estate of CLIFFORD SCOTT FARWELL,<br><br>Plaintiff ,<br><br>vs.<br><br>CURRY COUNTY, an Oregon county; CURRY HEALTH NETWORK, an Oregon health district; WADE CURTIS FOX, D.O., an individual; MARIUS GABRIELIUS PAKALNISKIS, M.D., an individual; RADIOLOGY ASSOCIATES, P.C.,  an Oregon professional corporation; JOHN WARD, an individual; DANE J. HOOVER, an individual; PARKER W. WORKMAN, an individual; RODRIGO ZEPEDA-RIOS, an individual; SHAWNEE A. WALLACE, an individual; JOHN A. ENSLEY, an individual; RUSSELL H. BENSON, III, an individual; JEREMY L. KROHN, an individual; RYAN L. BROSE, an individual,<br><br>Defendants . | Case No.   1:24-cv-01109-MO<br><br>**DEFENDANT DR. WADE CURTIS FOX'S RESPONSE TO PLAINTIFF'S MOTION TO CONTINUE SUMMARY JUDGMENT BRIEFING SCHEDULE AND HEARING AND PLAINTIFF'S FRCP 56(d) RESPONSE TO DEFENDANT FOX'S MOTION** |

## I.  <u>DISCUSSION OF CONFERRAL</u>

Plaintiff conferred with defense counsel for Dr. Wade Fox prior to filing her motion. During said conferral, Plaintiff's counsel argued that Defendant Fox's motion was a premature attempt to acquire expert opinion evidence in this case, which is not accurate. As explained to Plaintiff's counsel in conferral, this is not a state court case, and if Plaintiff has a qualified expert to support the claims of malpractice in the complaint, Plaintiff is required to submit an expert declaration supporting those allegations in response to Defendant Fox's motion. Plaintiff cannot rely on an ORCP 47 E-type declaration as there is expert discovery in federal court. Plaintiff counsel's declaration in support of her filing under FRCP 56(d) amounts to an ORCP 47 E declaration as it merely asserts that Plaintiff has an expert to support one element of Plaintiff's claim[1]. Plaintiff's counsel also argues that instead of meeting the deadline to respond to Defendant's motion by providing a declaration of an expert to support Plaintiff's claim—which is Plaintiff's burden in responding to this motion—Plaintiff's counsel instead wishes to depose Defendant's experts and argues that need not provide a declaration of Plaintiff's expert when a summary judgment is filed. Plaintiff's argument appears to hinge on a false framing of Plaintiff's burden in an attempt to avoid meeting it.

## II.  <u>INTRODUCTION</u>

As a preliminary matter, Plaintiff's Motion to Continue Summary Judgment Briefing and Plaintiff's Motion to Continue Summary Judgment Under FRCP 56(d) appear to be redundant, as they are procedurally the same. Plaintiff's filing under FRCP 56 (d)[2] argues that Defendant Fox's Motion for Summary Judgment was filed too early in the litigation to afford Plaintiff a

---

[1] Plaintiff has not amended the complaint following the death of Mr. Farwell. For purposes of his motion, Dr. Fox presumes the claim remains as alleged against him prior to Mr. Farwell's passing.
[2] ECF 67.

DEFENDANT DR. FOX'S RESPONSE TO PLTF'S MOTION TO CONTINUE SUMMARY      Page - 2
JUDGMENT BRIEFING SCHEDULE AND HEARING: Farwell v. Curry County, et al.

realistic opportunity to pursue discovery relating to Plaintiff's theory of the case. The malpractice claim against Defendant Fox has been pending in this case since July of 2024. *See* ECF No. 1 (operative complaint filed July 5, 2024). Plaintiff's Motion to Continue Summary Judgment Briefing Schedule[3] argues that Plaintiff would be prejudiced by having to respond to Defendant Fox's motion because Plaintiff has not had "the opportunity **to obtain and use the expert discovery necessary for Plaintiff to properly oppose the summary judgment**." ECF No. 69 (emphasis added). This appears to be an admission by Plaintiff that Plaintiff lacks expert evidence to support the claim of malpractice in the complaint, as Plaintiff's burden in responding to this motion is to produce Plaintiff's expert declaration—not to make what appears to be arguments as to the weight of Defendant Fox's expert's testimony. Additionally, Plaintiff's lack of proffered expert evidence to support the malpractice claim is not a basis for delaying briefing on Defendant Fox's summary judgment motion.

To the extent that Plaintiff is arguing that Plaintiff requires Defendant Fox's expert's opinion in order to respond to the motion, a sufficient expert declaration from Dr. Kenneth Buccino was submitted with Defendant Fox's motion.  ECF No. 63. That argument also misstates Plaintiff's burden in responding to Defendant's motion: "Plaintiff's negligence claims center around medical malpractice. Therefore, Plaintiff is required to produce an expert opinion concluding that Defendants breached the relevant standard of medical care." *Barton v. Miller*, No. 6:24-cv-00140-CL, 2026 US Dist LEXIS 145931, at *7 n 1 (D Or May 15, 2026) (granting summary judgment for Defendant where a party did not provide an expert opinion in response to a motion for summary judgment), *Gibson v. Bankofier*, 275 Or App 257, 284, 365 P.3d 568 (2015).

---

[3] ECF No 69.

Dr. Buccino's declaration outlined the records reviewed by Defendant's expert to form the expert opinion regarding standard of care and causation, including all records related to the emergency care provided and the care provided since the emergency care provided by Dr. Fox. *See* ECF No. 63¶ 5-7. The case against Dr. Fox arises out of a single emergency department visit.

In evaluating a summary judgment motion, "[t]he court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute." *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 255 (1986). As such, to the extent that Plaintiff seeks additional time to respond to Defendant's motion so that Plaintiff can probe the credibility of the expert opinion provided through a deposition of Dr. Buccino, this is not a legally valid basis to delay summary judgment. *Id.*

Plaintiff's filing under FRCP 56(d) mischaracterizes what is necessary for Plaintiff to respond to Defendant Fox's motion. Plaintiff argues that in order to respond to Defendant Fox's motion, Plaintiff must have an exhaustive expert report and a deposition of Defendant Fox's expert. This is a false premise based on a misinterpretation of Plaintiff's burden. A party responding to a motion for summary judgment on the issue of whether that party has expert support for a claim of malpractice in their complaint must respond with *their* expert support for their claims. *Gibson v. Bankofier*, 275 Or. App. 257, 284, 365 P.3d 568 (2015)

Plaintiff's burden in responding to Defendant's motion *is not dependent* on Defendant's expert, but rather it is dependent on *whether plaintiff has an expert* to support the claim of malpractice in the complaint. As such, Plaintiff's FRCP 56(d) motion must be denied as it is an attempt to mis frame Plaintiff's burden to avoid properly responding to Defendant Fox's motion.

/ / /

### III. POINTS, AUTHORITIES, AND ANALYSIS

Plaintiff's Claim against Defendant Dr. Fox is a state law claim for medical negligence and thus governed by the substantive law of the State of Oregon. *Freund v. Nycomed Amersham*, 347 F3d 752, 761 (9th Cir. 2003); *Mangold v. California Pub. Utils. Comm'n*, 67 F3d 1470, 1478 (9th Cir. 1995) ("The Erie principles apply equally in the context of pendent jurisdiction"). As such, Oregon state case law regarding claims of medical malpractice governs Plaintiff's second claim for relief. *Swanson v. Coos Cty.*, No. 08-6312-AA, 2009 US Dist LEXIS 119895, *14 (D Or Dec. 21, 2009). Based on binding Oregon case law for this claim, when a motion for summary judgment is filed challenging whether Plaintiff has expert support for the claim, expert testimony from Plaintiff's expert is required to raise a question of fact regarding the appropriate standard of care and whether it was breached. *Swanson v. Coos Cty.*, No. 08-6312-AA, 2009 US Dist LEXIS 119895 (D Or Dec. 21, 2009), *14. (dismissing medical negligence claim *in federal court due to plaintiff's lack of expert support*) *Gibson v. Bankofier*, 275 Or. App. 257, 284 (2015), *Tiedemann v. Radiation Therapy Consultants, P.C.*, 299 Or 238, 246 (1985).

Plaintiff argues that under *Garrett*, a summary judgment cannot be decided until the resolution of pending discovery motions against a co-defendant which seek discovery unrelated to whether Dr. Fox met the standard of care during Mr. Farwell's sole emergency department visit. Plaintiff also seeks to depose defendant Fox's expert, even though Plaintiff's burden in responding to Defendant's motion is to establish that Plaintiff has an expert to support the claims in the complaint. ECF No 67, p 3-4 citing *Garrett v. City and Cnty of San Francisco*, 818 F2d 1515 (9th Cir 1987).

Courts in the 9th Circuit have repeatedly explained that *Garrett* is limited and cannot be used to argue against summary judgment where a party seeks evidence that is not necessary to

meet their burden in responding to a summary judgment motion. *Columbia Pictures Indus. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F2d 1525, 1533 (9th Cir 1991) (finding Garrett inapposite to a summary judgment appeal where the sought discovery would not have addressed the responding party's burden); *Witkin v. Lotersztain*, No. 2:19-cv-0406 TLN KJN P, 2022 US Dist LEXIS 111499, at *23 (ED Cal June 22, 2022) (explaining *Garrett* <u>cannot</u> be relied upon to delay Summary Judgment filing or ruling where the basis is seeking medical opinion evidence, as the plaintiff must seek *their own expert opinion* to support their claims).

In *Wilkin v. Lotersztain*, the court denied a Plaintiff's request to delay summary judgment briefing under FRCP 56(d) to seek a deposition regarding medical opinion evidence. *Wilkin* No. 2:19-cv-0406 TLN KJN P, 2022 US Dist LEXIS 111499, at *23. The court denied the FRCP 56(d) request as it would be inconsistent with *Garrett*, because, as here, the plaintiff was seeking expert opinion regarding their claims, which is not discovery solely held by the defendant:

> Unlike in *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518-19 (9th Cir. 1987), where Garrett had timely sought pertinent personnel records solely in the possession of the opposing party, plaintiff claims he needs to [seek a deposition or evidence regarding] medical opinion and not information solely within [the Defendant's] possession. Rather, such question could be posed to any competent medical expert. *If plaintiff wishes to obtain an expert opinion concerning the facts of this case, plaintiff must retain and depose his own expert. …plaintiff has access to his own medical records*. Plaintiff does not claim that he did not have access to particular medical records or that there are other records he does not have but needs to oppose summary judgment. Plaintiff fails to demonstrate there are specific facts he could discover by deposing [someone to ask questions regarding medical expert opinion] that would raise an issue of material fact in this case.
> *Id* at *23-24 (emphasis added)

The same is true here. Plaintiff cannot rely on *Garrett* to argue under FRCP 56(d) that additional time is required for Plaintiff to seek a deposition regarding expert opinion evidence related to the care provided by Defendant Fox. This is because Plaintiff has the burden to acquire

their own expert to support their claim against Dr. Fox, and this evidence is not held solely by another party and Plaintiff has access to all the relevant medical records related to Mr. Farwell, which makes Plaintiff's citation to *Garrett* unsupportable here. The Court should deny Plaintiff's FRCP 56(d) motion seeking a delay in the briefing for summary judgment for the same basis as explained in the *Wilkin* case.

Plaintiff's citation to *Morgal v. Maricopa Cnty. Bd. of Supervisors*, and *Bio-Medical Research Ltd. v. Thane Int'l*, are unavailing because those cases, unlike *Wilkin v. Lotersztain,* did not involve a request for expert opinion evidence by a party opposing a summary judgment motion. Instead, *Morgal*, involved an appeal from a summary judgment motion where there were five pending motions seeking documents solely in the defendant's possession. *Morgal v. Maricopa Cty. Bd. of Supervisors*, 442 F App 246, 246 (9th Cir 2011) (relying on *Garrett* 818 F2d 1515). As explained above, based on *Wilkin*, this is not comparable to the discovery sought by Plaintiff in response to the summary judgment in this case or in *Wilkin*, and thus, Plaintiff cannot use the same reasoning from *Garrett* to justify a delay in the summary judgment briefing in this case. Plaintiff's citation to additional case opinions in the FRCP 56(d) filing are also unavailing as they did not hinge on the issue of expert opinion evidence.

Plaintiff's citation to *Stevens v. Corelogic, Inc.*, is ineffective in this context as well. 899 F3d 666, 678 (9th Cir. 2018). In that case the 9th Circuit affirmed a denial of the Rule 56(d) request as the plaintiffs in that case could not demonstrate that the additional information sought was dispositive to a ruling on the summary judgment. *Id.* As explained, the dispositive issue is whether Plaintiff has an expert to support the claims in the case, and not the expert opinion evidence of Defendant Fox's expert beyond what is contained in the Declaration filed concurrent with his summary judgment motion. *Wilkin* No. 2:19-cv-0406 TLN KJN P, 2022 US Dist LEXIS

111499, at *23.

Extensive discovery has taken place in this case, including the exchange of all known records of Plaintiff's medical care from 2024 to 2026. Plaintiff's argument that Plaintiff must acquire more discovery to *counter* Defendant Fox's expert is false as Plaintiff has access to all medical records related to the care provided by Dr. Fox to Mr. Farwell. ECF No 67 p 5.

Plaintiff's reasoning is inconsistent with case law on the burden of a party responding to a summary judgment motion. FRCP 56(c)(2) (a court must decide whether there is a genuine issue as to any material fact, not weigh the evidence or determine the truth of contested matters); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F3d 1099, 1102 (9th Cir. 2000);. The dispositive issue is whether *Plaintiff has expert opinion* support for the claim of malpractice against Dr. Fox, not the weight of the expert opinion provided by Defendant Dr. Fox. *Celotex Corp. v. Catrett*, 477 US 317, 323 (1986) ("a complete failure of proof concerning an essential element of *the nonmoving party's case* necessarily renders all other facts immaterial.").

## IV. CONCLUSION

Defendant Dr. Fox requests that the Court deny Plaintiff's Motion to Continue Summary Judgment Briefing, and Plaintiff's FRCP 56(d) filing, as they are inconsistent with persuasive case law. Plaintiff's FRCP 56(d) motion and motion to expand their timeline to respond to the summary judgment motion misstate Plaintiff's burden in responding to Defendant Dr. Fox's motion to avoid properly doing so and avoid Plaintiff's requirement to submit a valid declaration of Plaintiff's expert.

/ / /
/ / /
/ / /
/ / /

DATED this 4th day of August 2026.


GARRETT HEMANN ROBERTSON P.C.


*s/ Kim E. Hoyt*
Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
Of Attorneys for Defendant Wade Curtis Fox, D.O.

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANT DR. FOX'S RESPONSE TO PLTF'S MOTION TO CONTINUE SUMMARY JUDGMENT BRIEFING SCHEDULE AND HEARING** on the date indicated below,

[  ]     Via First-Class Mail with postage prepaid
[X]     Via Email Transmission
[  ]     Via Facsimile Transmission
[X]     Via Electronic Filing Notice
[  ]     Via Hand Delivery
[  ]     Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Law Offices of Judy Snyder
Judy Danelle Snyder
Melissa Hopkins
4248 Galewood Street
Lake Oswego, OR 97035
Telephone: (503) 228–5027
Fax: (971) 277-3894
Email: judy@jdsnyder.com
Email: melissa@jdsnyder.com
*Of Attorneys for Plaintiff*

Nikola L. Jones
Matteo Leggett
Lindsay Hart LLP
1300 SW Fifth Avenue, Suite 3400
Portland, OR 97201
Telephone: (503) 226-7677
Fax: (503) 226-7697
Email: njones@lindsayhart.com
Email: MLeggett@lindsayhart.com
*Of Attorneys for Defendants Pakalniskis and Radiology Associates, P.C.*

Erika L Wilson
Stephanie Kucera
Hart Wagner LLP
15 SW Colorado Ave Ste 375
Bend OR  97702
Telephone: (541) 548-6044
Fax: (541) 548-6034
Email: elw@hartwagner.com
Email: sck@hartwagner.com
*Of Attorneys for Curry Health Network*

Mr. Thomas F Armosino Jr.
Frohnmayer Deatherage
2592 E Barnett Rd
Medford OR  97504
Telephone: (541) 858-3378
Fax: (541) 779-6379
Email: armosino@fdfirm.com
*Of Attorneys for Defendants Curry County, John Ward, Dane Hoover, Shawnee Wallace, Rodrigo Zepeda-Rios, John Ensley, Russell Benson, Jeremy Krohn, Ryan Brose, and Parker Workman*

DATED this 4th day of August 2026.

GARRETT HEMANN ROBERTSON P.C.


*s/ Kim E. Hoyt*
Kim E. Hoyt, OSB No. 914080
khoyt@ghrlawyers.com
Travis A. Merritt, OSB No. 195857
tmerritt@ghrlawyers.com
Of Attorneys for Defendant Wade Curtis Fox, D.O.

CERTIFICATE OF SERVICE: Farwell v. Curry County, et al.