IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**LISA KEY-MATTHEWS,** ***Personal Representative of the Estate of Clifford Scott Farwell***

Plaintiff,

v.

**CURRY COUNTY,** ***an Oregon county, et al.***

Defendants.

No. 1:24-cv-01109-MO

ORDER

**MOSMAN, J.,**

This matter comes before me on Plaintiff Lisa Key-Matthews's (Plaintiff) Motions to (1) Compel, [ECF 59]; (2) Continue or Deny Defendant Fox's Motion for Summary Judgment, [ECF 67]; and (3) Continue Summary Judgment Briefing and Hearing, [ECF 69]. As discussed below, I grant Plaintiff's Motion to Compel in part and deny it in part, grant her Motion to Continue or Deny, and deny her Motion to Continue Summary Judgment Briefing and Hearing as moot.

This 42 U.S.C § 1983 lawsuit alleges that Clifford Farwell fell in the Curry County jail shower and that medical providers at Curry General Hospital failed to diagnose him with a broken neck that he sustained in the fall. Fact discovery is ongoing with a deadline of September 29, 2026. Scheduling Order, [ECF 58]. Expert discovery closes on December 21, 2026, and dispositive motions are due by mid-January 2027. *Id.*

## I. Motion to Compel

On July 7, 2026, Plaintiff, who is the personal representative of Clifford Farwell's estate, filed a motion to compel Curry County and Curry County employees (Curry County Defendants) to produce: (1) all documentation and correspondence between Curry County jail staff and any medical provider regarding Farwell's placement on a liquid diet, (2) all text messages between Curry County jail employees and medical providers regarding Farwell's medications and medical treatment for June and July 2022; (3) all July 10, 2022, videos from the jail hallway that show Farwell leaving his cell and entering the shower room; and (4) all body camera footage from the body cameras worn by Defendants Zepeda-Rios and Workman from July 10, 2022. Mot. to Compel, [ECF 59] at 8 (Plaintiff's Requests Nos. 1, 2, 3, 5, 6, 13, and 14)

Rule 37 provides that "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses when answers are evasive or disclosures are incomplete. Fed. R. Civ. P. 37(a)(4). District courts are afforded broad discretion in managing discovery and "control[ling] the course of litigation under Rule of Civil Procedure 16." *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). The moving party bears the burden of showing why the disputed information is relevant and why the defendant's objections are not justified. *See* Fed. R. Civ. P. 37(a)(3). I find that Plaintiff has shown that the disputed information is relevant to the claims in the Complaint. *See* Compl., [ECF 1] at ¶¶ 31–37, 47–49.

Regarding Request Nos. Requests Nos. 1, 2, 3, 5, 6, and 13—documentation and correspondence from medical staff placing Farwell on a liquid diet and all text messages between Curry County jail staff and medical providers about Farwell's medication and medical care for

June and July 2022, Plaintiff has not established that Curry County Defendants' objection that they have produced all responsive documents is not justified. *See* Defs.' Resp., [ECF 64] at 3 (asserting that are no documents responsive to the request regarding medications aside from the one text message Defendants have already produced). The relevant deposition testimony indicates that documentation regarding medical care would have been in either a phone call or text message. *See e.g.*, Bensen[1] Decl., [ECF 60-9] at 20. This supports Curry County Defendants' assertion that most communications regarding Farwell's liquid diet, medications, and medical care were oral instead of written. Nothing in the record before me suggests that the messages were written. Accordingly, I deny the Motion with respect to Requests Nos. 1, 2, 3, 5, 6, and 13.

Plaintiff has, however, shown that Curry County Defendants' objection to Request No. 14 on the grounds that it has produced all responsive materials is not justified. *See* [ECF 64] at 3. Request No. 14 seeks production of all videos, including fixed hallway and body camera footage from July 10, 2022, showing Farwell being placed in the jail's shower room. *See* [ECF 59] at 8. To date, Curry County Defendants have produced only video footage showing Farwell after he was found injured. *See id.* at 7. A Curry County Corrections Deputy testified that the videos from fixed cameras and body cameras from July 10, 2022, were downloaded and burned onto a disk. *See e.g.*, Krohn Decl., [ECF 60-6] at 6. The disk was placed in a file in the jail command office, where it was as of February 19, 2025. *Id.* Moreover other deputies testified in deposition that they believe that they uploaded their body camera footage regarding Farwell on July 10, 2022, and have not been told that the footage was unable to be located. *See e.g.*, Hopkins Decl., [ECF 60-8] at 6.

[1] The footer of this document incorrectly identifies it as "Hopkins Declaration." *See* [ECF 60-9]. The title page and header on the top left-hand side, however, correctly identify the deposition as that of Russell Hugh Benson, III. *See id.*

Given this testimony, it seems likely that video footage of Farwell before his injury, which has not been produced, exists. Accordingly, I grant the Motion to Compel with respect to Request No. 14.

I deny Plaintiff's request for sanctions related to the Motion to Compel because Plaintiff failed to document the costs and fees associated with bringing the Motion and because I deny the Motion in part.

## II. Motion to Continue or Deny Dr. Wade Curtis Fox's Motion for Summary Judgment

On July 17, 2016, Defendant Fox filed a motion for summary judgment, which Defendant Curry Health Network joined. Mot. Summ. J., [ECF 61]; Joinder in Mot. Summ. J., [ECF 66]. The Summary Judgment Motions are based on the declaration of Kenneth Buccino, M.D., who opines based on his "expert review" that "the care provided by Dr. Wade [Fox] met the community standard of care." Buccino Decl., [ECF 63] at ¶¶ 5, 7; *see also* [ECF 66] (stating the points and authorities cited by Defendant Fox apply equally to Defendant Curry Health Network). Plaintiff moves to continue or deny the Summary Judgment Motions on the grounds that she needs Dr. Buccino's expert report and an opportunity to depose Dr. Buccino before she can adequately respond to the Motions. [ECF 67] at 2. Defendants Fox and Curry County Health Network oppose Plaintiff's Motion, arguing that she can submit the report of her own qualified expert to oppose the pending summary judgment motion. *See* Def. Fox's Resp., [ECF 72] at 4.

Under Rule 56(d), if a nonmovant establishes that "it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d). "A party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (cleaned up).

Plaintiff asserts that she needs Dr. Buccino's expert report, which Defendant Fox has not provided, to adequately provide a rebuttal from her own expert witness. Specifically, she needs to know what medical records Dr. Buccino reviewed in reaching his conclusion, whether he reviewed the Complaint in this matter, whether he reviewed Defendant Fox's deposition testimony, and if the standard of care that Dr. Buccino applied was for that of a regular adult seeking emergency medical treatment or for that of a nonverbal patient who was unable to provide any medical history or explanation of pain. [ECF 67] at 6. Plaintiff also explains that she needs to depose Dr. Buccino to properly understand his reasoning and opinions. *Id.* at 5.

Although some discovery has taken place, fact discovery is still ongoing, and expert discovery does not close until December 21, 2026. *See* [ECF 58]. As Plaintiff points out, Dr. Buccino has neither provided an expert report nor disclosed the information upon which his opinion is based. *See* [ECF 67] at 6; *see also generally* [ECF 63] (stating only that Dr. Buccino has "reviewed the relevant records"). This does not comport with Rule 26's requirement that a party produce expert information before using it to support a motion. *See* Fed. R. Civ. P. 26(a)(2) (requiring disclosure of expert testimony and reports). Moreover, Plaintiff has sufficiently detailed what specific additional expert discovery related to Dr. Buccino that she needs and how that information is relevant to her opposition to the Summary Judgment Motions. *See Stevens*, 899 F.3d at 678. Accordingly, I grant Plaintiff's Motion to Continue or Deny, and I deny Defendants Fox's and Curry County Health Network's Motions for Summary Judgment without prejudice to renewal after the close of expert discovery.

Plaintiff has requested her costs and fees associated with bringing this Motion. Because the Federal Rules of Civil Procedure clearly require that a party disclose expert information before using that expert's opinion to support a dispositive motion and because expert discovery is ongoing

in this matter, I am inclined to grant her request. *See* Fed. R. Civ. P. 26(a)(2); *see also* Fed. R. Civ. P. 37(c)(1) (allowing an award of reasonable expenses for failure to provide information required by Rule 26). Plaintiff, however, has not provided any information about her costs and fees. Accordingly, I will consider Plaintiff's request for sanctions after she provides such information and after Defendants Fox and Curry County Health Network have an opportunity to respond.

### III. Motion to Continue Summary Judgment Briefing Schedule

Because I grant Plaintiff's Motion to deny the Summary Judgment Motion and deny Defendants Fox's and Curry County Health Network's Motions for Summary Judgment without prejudice, I deny Plaintiff's Motion to continue as moot.

## CONCLUSION

I grant Plaintiff's Motion to Compel, [ECF 59], with respect to Request No. 14 and deny it otherwise. Within 10 days from the date this Order is filed Curry County Defendants are ordered to gather any videos from July 10, 2022, from fixed jail cameras and/or body cameras that show Farwell, including the disk that Deputy Krohn referenced in his deposition testimony as being in a file in the jail command office, and produce them to Plaintiff. I deny Plaintiff's request for costs and fees for this Motion.

I grant Plaintiff's Motion to Continue or Deny Defendant Fox's Motion for Summary Judgment, [ECF 67], and I deny Defendant Fox's Motion for Summary Judgment, [ECF 61], and Defendant Curry Health Network's joinder Motion for Summary Judgment, [ECF 66], without prejudice to renewal after the close of expert discovery. I am inclined to grant Plaintiff's request for costs and fees associated with this Motion. Accordingly, within 14 days of the date that this Order is filed, Plaintiff is ordered to submit information regarding the costs and fees she incurred

bringing this Motion. Defendants Fox's and Curry County Health Network's responses are due fourteen days after Plaintiff files the information about her costs and fees.

I deny Plaintiff's Motion to Continue Summary Judgment Briefing and Hearing, [ECF 69], as moot.

IT IS SO ORDERED.

DATED this 1st day of September, 2026.

Michael W. Mosman

MICHAEL W. MOSMAN
United States District Judge